#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE G. ZILAHY-WELSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-00352-SH |
| ) | |
| JEFFRY TODD DENTON, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is Plaintiff's motion to remand, which argues Defendant waived his right to remove this matter from state court.[1] As Defendant did not waive removal by participating in the case below, remand on that basis will be denied.

### Background & Procedural History

On June 28, 2024, Plaintiff Catherine G. Zilahy-Welsh ("Zilahy-Welsh") filed a petition for replevin in state court, alleging Defendant Jeffry Todd Denton ("Denton") wrongfully detained a 2024 Ford F-450 truck that she was legally entitled to possess ("the truck"). (ECF No. 1-1 ¶¶ 1–2.) Zilahy-Welsh claimed she loaned Denton funds to purchase the truck with an agreement that, if the loan was not repaid by a date certain, the truck would be returned to Zilahy-Welsh. (*Id.* at ¶ 2.) The loan was not repaid. (*Id.*) As such, Zilahy-Welsh requested the state court order Denton to deliver the truck; prohibit Denton from concealing, damaging, or destroying the truck, or removing it from Oklahoma; award Zilahy-Welsh permanent possession of the truck; award damages for

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (ECF No. 16.)

the alleged wrongful detention; and award her interests and costs, including reasonable attorney's fees. (*Id.* at 2.[2])

The state court immediately issued a notice to Denton, informing him of the replevin action and stating,

> You may object to the issuance of the order of delivery by filing a written objection with the court clerk . . . within five (5) days after your receipt of this **Notice**. If no objection is filed within the five-day (5) period, the Court Clerk shall issue the Order of delivery. If an objection is filed within the five-day (5) period, the District Court shall set the matter for a prompt hearing at the request of either party.

(ECF No. 1-5.) The state court also issued an ex parte order of restraint temporarily enjoining Denton from concealing, damaging, destroying, or removing the truck from Oklahoma and ordering law enforcement agencies to seize the truck and deliver it to the sheriff's office. (ECF No. 1-6 at 1–2.) Denton states he was served with the state court action on July 3, 2024. (ECF No. 1 ¶ 9.)

On July 9, 2024, Zilahy-Welsh requested a hearing on her petition for replevin (ECF No. 1-7), which the court set for July 29, 2024 (ECF No. 1-8). That same day, Denton responded to the court's notice. (ECF No. 1-9.) Denton wrote as follows: "The Defendant objects to the Notice of Application for Order of Delivery. The matter is set for hearing on July 29, 2024." (*Id.*)

On July 12, 2024, Zilahy-Welsh applied for a citation for indirect contempt of court, asserting Denton had concealed the truck and removed it from Oklahoma in violation of the order of restraint. (ECF No. 1-10.) Zilahy-Welsh asked that her application be heard prior to the already-set hearing on July 29th. (ECF No. 1-11.) On July 15, 2024, the court cited Denton and ordered him to appear at a hearing on July 25, 2024, to show

---

[2] Page numbers refer to those in the ECF header.

cause why he should not be punished for indirect contempt of court. (ECF Nos. 1-12 & 1-13.)

On July 25, 2024, Denton removed the case to this Court. (ECF No. 1.) Zilahy-Welsh now moves to remand. (ECF No. 8.)

## Analysis

### I. Removal and Waiver by Participation

With certain exceptions, a party may remove a state civil action to federal court if it is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To effectuate removal, a party must comply with certain procedural requirements. *See* 28 U.S.C. § 1446. Zilahy-Welsh does not argue that jurisdiction in this Court is lacking, nor does she assert a procedural defect in Denton's removal.[3]

Instead, Zilahy-Welsh invokes the procedural, common-law doctrine of "waiver by participation." *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Remand under this doctrine is an exercise of the court's inherent power to remand. *Id.* at 1098 n.12 (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999)); *Snapper*, 171 F.3d at 1263 n. 26 (noting that remands based on forum

---

[3] Based on the notice of removal and the parties' filings, this Court would have original diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Zilahy-Welsh and Denton are citizens of different states, and the amount in controversy exceeds $75,000. (*See, e.g.*, ECF No. 1 ¶¶ 4–7 (alleging Zilahy-Welsh is a citizen of Oklahoma, Denton is a citizen of Arkansas, and the truck at issue is valued at $112,500); ECF No. 7 (confirming Zilahy-Welsh is a citizen of Oklahoma); ECF No. 19 (confirming Denton is a citizen of Arkansas).)

As for the removal procedure, Zilahy-Welsh does not dispute that Denton was served on July 3, 2024, less than 30 days before the notice of removal; there is no issue with unanimity requirements in this single-defendant case; and Denton is not a citizen of the forum state. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1094–95 (10th Cir. 2017) (noting that time limits, unanimity, and the "forum-defendant rule" are the three primary "defects" referenced in 28 U.S.C. § 1447(c)).

selection clauses and abstention principles similarly fall within the court's inherent power).

Waiver by participation applies "where a defendant has participated in the state court before seeking removal." *Soto*, 864 F.3d at 1093. "Generally, a defendant waives removal by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *Id.* at 1098 (internal quotations omitted). A defendant does not waive removal by simply filing an answer, nor does he waive removal by filing a motion to dismiss on issues other than the merits. *Id.* (noting the defendant "could file an answer in state court without waiving removal"); *id.* at 1099 n.13 (citing motions to dismiss for lack of jurisdiction, improper venue, or insufficient process as examples of non-merits-based motions). "[W]aiver must be clear and unequivocal, meaning that 'short of [the defendant] seeking an adjudication on the merits,' the 'right to removal is not lost . . . .'" *Id.* at 1098 (quoting *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015)). That said, "the waiver rules aim to prevent defendants from '*seeking* an adjudication on the merits,' which means that a state defendant can waive removal even before the state court *actually* adjudicates the merits." *Id.* at 1098–99 (quoting *Windmill*).

"The Tenth Circuit has adopted a bright-line rule with a fuzzy exception for waiver of removal." *Kolb v. Mayes Emergency Servs. Tr. Auth.*, No. 21-CV-209-JFH-CDL, 2022 WL 3654743, at *2 (N.D. Okla. Aug. 24, 2022). When a defendant, for example, "files a motion to dismiss seeking disposition, in whole or in part, on the merits in state court before removing the case to federal court, it manifests a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction, and thus waives removal." *Soto*, 864 F.3d

at 1099. Recognizing, however, "that in limited circumstances, this bright-line rule can lead to unfair results," the court has fashioned an exception. *Id.* "We will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation." *Id.* ("[f]or this exception to apply, we look for potential harm to defendants").

Here, the parties dispute who bears the burden of showing waiver by participation. In the removal context, the burden is generally on the removing party to establish jurisdiction. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (unpublished).[4] Courts have similarly found the removing party bears the burden of showing "removal is proper," including any "necessary compliance with the requirements of the removal statute." *Moore v. Bis Salamis, Inc.*, 748 F. Supp. 2d 598, 601 (E.D. Tex. 2010) (internal quotations omitted). On the jurisdiction front, once the general requirements for original jurisdiction have been shown, the burden shifts to the party seeking remand to show an express statutory exception to the removal statute. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003). The parties, however, cite no cases indicating who bears the burden of showing waiver by participation.[5]

---

[4] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

[5] Denton cites two cases for his argument that the plaintiff bears this burden of proof. (ECF No. 15 at 5.) Neither, however, applies here. The first case merely stands for the proposition that a plaintiff has the burden to raise procedural defects within 30 days of removal; it does not speak to the burden of proof once those defects are raised. *See Centura Health Corp. v. Agnew* No. 18-CV-00569-RBJ, 2018 WL 3454976, at *4 (D. Colo. July 18, 2018). The second case discusses the burden of establishing an exception to removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014).

5

The Court need not decide this issue, because even if it found the burden fell on the removing party, Defendant Denton has met that burden.

## II. Defendant Did Not Waive Removal by Participation on the Merits

First, as a preliminary matter, the Court rejects Zilahy-Welsh's argument that filing an objection in a replevin case is the equivalent of filing a motion seeking an adjudication on the merits. In an Oklahoma replevin action, the plaintiff commences the case by filing a verified petition. Okla. Stat. tit. 12, § 1571(A)(1)–(2). Once that petition is filed, the state court clerk must issue a notice to the defendant, stating that an order of delivery has been sought, and the defendant has five days after service to submit an objection. *Id.* § 1571(A)(3). If an objection is filed, the court shall—at the request of either party—set the matter for a prompt hearing to determine whether the order for prejudgment delivery should issue. *Id.* If no objection is filed, the court clerk will simply issue the order of delivery. *Id.*

In these circumstances, the Court finds that the "objection" in a replevin action is the equivalent of an "answer" in an ordinary civil case. As the Tenth Circuit has noted, filing an answer does not trigger waiver by participation. *Soto*, 864 F.3d at 1098.

Second, even if an "objection" could be deemed the equivalent of a motion on the merits, the Court finds Denton did not waive removal in this case. Zilahy-Welsh argues Denton "manifested a 'clear and unequivocal' intent to submit the case to the state court's jurisdiction" when he filed his objection and "acquiesced" to the hearing she requested. (ECF No. 8 at 5.) Zilahy-Welsh tries to equate this "acquiescence" with a defendant himself requesting a hearing. (*Id.*) To adopt Zilahy-Welsh's reasoning, however, would render meaningless the limitations of the waiver doctrine. As noted above, a waiver of the right to remove must be "clear and unequivocal" and must include <u>the defendant</u>

6

seeking an adjudication on the merits. *Soto*, 864 F.3d at 1098. Here, all Denton did was avoid default and note—perhaps gratuitously—that a hearing had already been set. (ECF No. 1-9 at 1.) The hearing had, in fact, been set at Zilahy-Welsh's behest. (ECF No. 1-7.) The Court will not find that a defendant has waived removal by requesting a hearing when he has not requested a hearing.[6]

The Court further finds that the actions taken by Denton in state court before removal were compelled by state court procedures and fall into the fuzzy exception to the bright-line waiver rule. As the Tenth Circuit has noted, "[w]e will not find waiver of the right to remove when a state's procedural rules compel a defendant's state-court participation." *Soto*, 864 F.3d at 1099. To illustrate this carve-out, the Tenth Circuit has cited *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004. In *Yusefzadeh*, Florida law required defendants to file motions to dismiss within 20 days of service. *Id.* "When combined with the federal 30-day removal period, this 20-day time limit created a 'quandary' for state defendants." *Id.* As the Tenth Circuit explained, a "defendant in Florida might have filed for timely removal only to find itself back in state court where the time to file a motion to dismiss had run." *Id.* Lower courts have found this compelled-participation carve-out applicable when state law requires a motion to dismiss within less than 30 days of service. *See, e.g.*, *Simpson v. P.F. Chang's China Bistro, Inc.*, No. 20-CV-02519-CMA-STV, 2021 WL 1827237, at *2 (D. Colo. May 7, 2021) (no waiver when Colorado rules required motions be filed within 21 days of service,

---

[6] Zilahy-Welsh appears to argue that Denton had some sort of subjective intent to participate in the state-court proceedings, only changing his mind after she filed a motion for indirect contempt and the court set it for hearing. However, under *Soto*, the Court looks to the objective intent revealed by the defendant's actions. 864 F.3d at 1098. Here, Denton did nothing at all, other than file an objection and acknowledge a date the court had previously set for hearing.

i.e., nine days before the 30-day removal period expired); *Boles v. CarShield, LLC*, No. 22-CV-00034-WPJ-MTS, 2023 WL 8079020, at *3 (N.D. Okla. Nov. 21, 2023) (no waiver when Oklahoma rules required motions be filed within 20 days of service, the defendant filed a motion, and the state court sua sponte set the motion for hearing). Here, Denton's actions were even more compelled—and on a more compressed timeline—than those in the cited cases. Denton had a mere five days to file an objection,[7] meaning he had to act weeks before the 30-day removal period had expired. If he did not act, the state court would automatically enter an order of delivery. Denton dutifully filed his objection within those five days, and he did not request a hearing. *Cf. Kolb*, 2022 WL 3654743, at *3. This case falls squarely within the compelled-participation carve-out. As such, Denton did not waive his right to remove.[8]

### III.  The Application for Contempt Citation Is Not Currently Before the Court

Because Zilahy-Welsh's application for indirect contempt is not currently pending before this Court, the undersigned need not address any comity issues raised by the application.

---

[7] Under state law, days the state court is closed and legal holidays are excluded from this five-day period. Okla. Stat. tit. 12, § 2006(A)(1).

[8] Zilahy-Welsh argues that the compelled-participation carve-out does not apply because Denton could have removed before the five days passed and filed his objection in federal court. (ECF No. 8 at 5–6.) So, according to her, there was no "potential harm to defendants." (*Id.* at 5 (quoting *Soto*, 864 F.3d at 1099).) Again, accepting Zilahy-Welsh's arguments would render the carve-out meaningless. <u>Every</u> defendant who has a response deadline shorter than 30 days could, conceivably, remove the case before the deadline passed and file their intended motion to dismiss in federal court. The point of the carve-out is to ensure that defendants can take the full 30 days to decide whether or not to remove, without the fear that they will waive their rights to litigate the merits.

When this case was removed, an *Application for Citation for Indirect Contempt of Court* had been filed by Zilahy-Welsh, and the state court had issued a *Citation for Indirect Contempt of Court* ordering Denton to appear and show cause why he should not be held and punished for contempt. (ECF Nos. 1-10, 1-12.) Pursuant to the local rules,

> If any motion remains pending in state court at the time of removal, and if the movant wishes the District Court to rule on the motion, the party that initially filed the motion must refile the motion in the District Court case, and attach any responses and replies.

LCvR 81-2(b).

Zilahy-Welsh has not made any filing indicating she wishes this Court to rule on her application. If she did, such a filing would raise issues of comity that implicate the principles at issue in *Younger v. Harris*, 401 U.S. 37 (1971). *See, e.g., Juidice v. Vail*, 430 U.S. 327 (1977) (finding *Younger* abstention applies to state contempt proceedings). In the removal context, some courts have found that a partial remand of the contempt proceedings is required. *See, e.g., Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *3–5 (N.D. Okla. Dec. 21, 2017).

Here, Zilahy-Welsh has not indicated a desire to pursue her application for contempt. As such, the Court does not rule on whether remand would be required by comity in those circumstances.[9]

---

[9] To the extent the state court's *Citation* ruled on Zilahy-Welsh's *Application* such that it was no longer a pending motion, it is questionable whether the state court's contempt proceedings were removed with this action. In Oklahoma, "[a] contempt proceeding, even though it grows out of another proceeding, is ordinarily regarded as a collateral or separate action from the underlying case . . . ." *Lerma v. Wal-Mart Stores, Inc.*, 2006 OK 84, ¶ 8, 148 P.3d 880, 883. Currently, no party has asserted there is a pending contempt proceeding before this Court.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's *Motion to Remand* (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's *Petition for Replevin* (ECF No. 1-1) is set for hearing on February 12, 2025, at 1:30 p.m., Magistrate Courtroom #1, Third Floor, Page Belcher Federal Building, 333 W. 4th St., Tulsa, OK. The purpose of this hearing is to determine whether an order for prejudgment delivery of the property should issue according to the probable merit of Plaintiff's petition. *See* Okla. Stat. tit. 12, § 1571(A)(3). Failure of a party to appear can result in judgment against that party.

ORDERED this 30th day of January, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT