# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE G. ZILAHY-WELSH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-cv-00352-SH ) |
| JEFFRY TODD DENTON, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's proposed order for prejudgment delivery of property.[1]  On February 12, 2025, this Court held a hearing on Plaintiff's Petition for Replevin (ECF No. 1-1) and determined that an "order for prejudgment delivery of the property should issue according to the probable merit of plaintiff's petition." Okla. Stat. tit. 12, § 1571(A)(3).  The Court directed Plaintiff's counsel to submit a proposed order.

Plaintiff submitted her proposed order on February 13, 2025.  (Ex 1.)  The proposed order seeks to direct the U.S. Marshals Service in Oklahoma, Arkansas, Iowa, Montana, and surrounding states to take possession of the property at issue in this case, a Ford F-450.  (*Id.* at 1.)  The proposed order further seeks to lower the required undertaking based on Defendant's testimony as to the current value of the truck.  (*Id.* at 2.)

The Court finds that $160,000 is the appropriate replevin bond in this case.  Under Oklahoma's replevin statute, an order for prejudgment delivery shall not issue until the plaintiff has executed "an undertaking in not less than double the value of the property as

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a).  (ECF No. 16.)

stated in the petition," with certain additional requirements.[2]  Okla. Stat. tit. 12, § 1573. The petition stated that the property was originally valued at $112,500 (ECF No. 1-1 ¶ 5), resulting in a required undertaking of $225,000.  However, either party may ask the Court to determine the value of the property at a hearing and after notice to the adverse party.  Okla. Stat. tit. 12, § 1573.1.  Here, the Court held a hearing on the petition and request for order of prejudgment delivery, at which Defendant testified that he has put 40,000 miles on the truck and that it is currently worth only $80,000.  In these circumstances, the undersigned finds no additional hearing is necessary to value the property and determines the current value of the truck is $80,000.  Therefore, before the Court can issue any order for prejudgment delivery, Plaintiff must post a $160,000 bond with the court clerk.  The undertaking must describe the truck and agree to "undertake to Jeffry Todd Denton, in the sum of $160,000, to the effect that the plaintiff shall prosecute the action and pay all costs and damages that may be awarded against her, including attorney's fees, and that if the above-described property is delivered to plaintiff, that she will return the property if return is ordered."

However, even with such an undertaking, it is not clear by what authority this Court may direct the execution of an order for prejudgment delivery in states other than Oklahoma.  The federal rules provide that process other than a summons or subpoena "may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits."  Fed. R. Civ. P.

---

[2] The undertaking must be approved by the clerk "to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, including attorney's fees and, if the property be delivered to him, that he will return the same to the defendant if a return be adjudged . . . ."  Okla. Stat. tit. 12, § 1573.

2

4.1(a);[3] *see also* 28 U.S.C. § 566(c) ("Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all <u>lawful</u> writs, process, and orders issued under the authority of the United States . . . ." (emphasis added)). Here, Plaintiff is seeking the remedy of replevin under Oklahoma law, which is available in this Court through Fed. R. Civ. P. 64. Under Oklahoma law, replevin does not appear to reach beyond state lines. *See, e.g.*, Okla. Stat. tit. 12, § 1581 (allowing issuance of orders directed to other <u>counties</u>). And this makes sense, as a "suit for the possession of personal property is an action in rem."[4] *Mitchell v. White*, 1925 OK 138, ¶ 5, 233 P. 746, 747. In this and analogous circumstances, courts have found that a seizure order should be limited to the state in which the federal court sits. *See, e.g., Cahill v. McInnis*, No. 06 CIV. 4411 (KNF), 2007 WL 1174827, at *2 (S.D.N.Y. Apr. 18, 2007) (in replevin action to recover chattel, "the Court cannot issue an order of seizure that would reach chattel beyond New York's territorial boundaries" where New York law "does not provide for the seizure of chattel located outside New York"); *Cutting Edge Techs., Inc. v. Nosyuiaido*, No. WDQ-01-2855, 2012 WL 1327969, at *4 (D. Md. Apr. 17, 2012) ("property outside the limits of the State of Maryland is not the proper subject of a writ of execution issued by the United States

---

[3] Plaintiff has not filed a motion for preliminary injunction or otherwise sought an order based on the Court's in personam jurisdiction over Defendant. *See* Fed. R. Civ. P. 4.1, advisory ctte.'s note to 1993 adoption ("Service of process is not required to notify a party of a decree or injunction . . . . With respect to a party who has once been served with a summons, the service of the decree or injunction itself . . . can be made pursuant to Rule 5.").

[4] Although replevin actions are traditionally in rem, the petition in this case seeks additional damages (ECF No. 1-1 at 2), which rely on the Court's personal jurisdiction over Defendant. Oklahoma's replevin statute similarly allows for the recovery of the value of the property taken by defendant "in case a delivery cannot be had, and of damages for the detention." Okla. Stat. tit. 12, § 1580. As "plaintiffs can recover both damages and repossession of their personal property, . . ., in that sense, replevin is partly an action in rem and partly an action in personam." 66 Am. Jur. 2d *Replevin* § 2 (2025).

District Court for the District of Maryland"); *GM Gold & Diamonds LP v. Fabrege Co.*, 489 F. Supp. 2d 725, 727 (S.D. Tex. 2007) ("Attachment orders are essentially actions *in rem*, as they result in actual or constructive control over the res itself, rather than simply adjudicating personal rights to the subject property. As such, attachment orders can reach only as far as a court can extend its *in rem* jurisdiction." (citations omitted)); *Corp. Comm'n of Mille Lacs Band of Ojibwe Indians v. Money Centers of Am., Inc.*, 915 F. Supp. 2d 1059, 1061 (D. Minn. 2013) ("a Minnesota court cannot attach out-of-state property, and as a result, neither can this Court" (citations omitted)). The Court, therefore, finds that any order for prejudgment delivery cannot be issued in the form Plaintiff seeks. The parties are free to submit additional authorities and file a motion to reconsider this finding, if appropriate.

Otherwise, should Plaintiff still wish the issuance of an order for prejudgment delivery, she may file the undertaking as required above, and the Court will issue an order that may be executed in the State of Oklahoma. This ruling does not prejudice Plaintiff's ability to seek any other relief to which she may be entitled.

ORDERED this 14th day of February, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT