IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CATHERINE G. ZILAHY-WELSH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 24-cv-00352-SH |
| JEFFRY TODD DENTON, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion, seeking summary judgment on her replevin petition against Defendant Jeffry Todd Denton ("Denton").[1] Plaintiff has met her burden of showing that no reasonable factfinder could find for Defendant. The motion will be granted.

**Factual Background**

Unless stated otherwise, the following facts are undisputed for purposes of summary judgment: On May 13, 2024, Plaintiff Catherine Zilahy-Welsh ("Zilahy-Welsh") purchased the at-issue truck[2] for $112,500 from Seth Wadley Ford, issuing a check for $106,500 to the dealership and making up the remainder with cash she had on hand. (ECF No. 44-1 at 48:6–49:22;[3] ECF No. 44-2 at 4; ECF No. 44-9 at 4.) Zilahy-Welsh

---

[1] The parties have consented to the jurisdiction of a U.S. Magistrate Judge for all purposes under 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(a). (ECF No. 16.)

[2] The subject vehicle is a 2024 Ford F-450, VIN# 1FT8W4DM1REC65077. While Denton disputed certain facts surrounding the agreement between he and Zilahy-Welsh, he did not dispute that this truck is the vehicle at issue. (*See, e.g.*, ECF No. 44-1 at 16:2–14, 30:1–6.)

[3] Citations to page numbers refer to the page number in the court-provided header, with the exception of hearings, where the Court uses the page:line numbering from the hearing transcript itself.

purchased the truck for Denton to use,[4] with the agreement that Denton would pay her back or, if unable to do so, return the vehicle to her. (ECF No. 44-1 at 16:22–17:9, 48:10–50:9). Though exactly when Denton was to pay Zilahy-Welsh back is disputed, it is immaterial to the ultimate outcome of the motion. Zilahy-Welsh testified that Denton agreed to pay her back "before Memorial Day" 2024 (*id.* at 49:23–50:6), while Denton testified that he understood he was to pay Zilahy-Welsh back "as quickly as possible" (*id.* at 17:12–25, 18:13–16). There is no dispute that Denton has not repaid Zilahy-Welsh. (*Id.* at 17:1–9, 24:2–5, 49:23–50:9.) Moreover, Denton is currently in possession of the vehicle (*id.* at 30:15–19), and has, to date, not returned it to Zilahy-Welsh (*id.* at 35:25–36:1, 38:23–39:5; ECF No. 44-3 at 2, 4, 6–11).

## Procedural Background

On June 28, 2024, Zilahy-Welsh filed her petition for replevin in state court, alleging Denton wrongfully detained the truck and that she was legally entitled to its possession. (ECF No. 1-1 ¶¶ 1–2.) Zilahy-Welsh requested the state court order Denton to deliver the truck; prohibit Denton from concealing, damaging, or destroying the truck, or removing it from Oklahoma; award Zilahy-Welsh permanent possession of the truck; award damages for the alleged wrongful detention; and award her interests and costs, including reasonable attorney's fees. (*Id.* at 2.) On July 25, 2024, Denton removed the case to this Court. (ECF No. 1.) Zilahy-Welsh now moves for summary judgment, requesting a judgment finding (1) that she is the owner or has a special ownership interest in the truck and (2) ordering the immediate return and possession of the truck. (ECF No.

---

[4] Denton disputes whether he ever asked Zilahy-Welsh to purchase him the truck (ECF No. 44-1 at 16:13–16), but this fact is immaterial.

44.) Denton's response to the motion was due on April 2, 2025. *See* LCvR 7-1(e). As Denton filed no response, the motion is ripe for ruling.

## Analysis

### I. Standard of Review

In a diversity case like this one, summary judgment motions are "governed by the standard found in the Federal Rules of Civil Procedure as applied to Oklahoma's substantive law." *Taber v. Allied Waste Sys., Inc.*, 642 F. App'x 801, 812 n.2 (10th Cir. 2016) (unpublished);[5] *see also* Okla. Stat. tit. 15, § 162 (contracts are interpreted according to the law of the place where they are to be performed or, if there is no indicated place of performance, the law of the place where they are made). Summary judgment is proper only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a fact to be "material," it must be capable of affecting the outcome of the lawsuit; for the dispute over that fact to be "genuine," a rational factfinder must be able to find in favor of the nonmoving party. *Grubb v. DXP Enters., Inc.*, 85 F.4th 959, 966 (10th Cir. 2023). The "mere existence of a scintilla of evidence in support of the [nonmoving party's] position," however, is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Courts construe all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When the moving party has the burden of proof at trial, the showing on summary judgment "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir.

---

[5] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

2015) (emphasis omitted) (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)).  Stated differently, "the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it.  Anything less should result in denial of summary judgment."  *Id.* at 1154 (quoting 11 Moore's Federal Practice - Civil, § 56.40 (3d ed. 2015)).

Under this standard, the moving party "cannot force the nonmoving party to come forward with 'specific facts showing there is a genuine issue for trial' merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact."  *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (alteration omitted) (quoting *Mudrick v. Cross Servs., Inc.*, 200 F. App'x 338, 340 (5th Cir. 2006) (unpublished)).  Rather, "the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case."  *Id.*

## II.    Replevin

### A.    Replevin—Generally

"The proper action to reclaim possession of property based on an unlawful seizure or detention is an action for replevin."  66 Am. Jur. 2d Replevin § 2.  "A claim for replevin allows a plaintiff to obtain an order for recovery of property if certain requirements are met."  *SportChassis, LLC v. Broward Motorsports of Palm Beach, LLC*, No. CIV-10-1035-HE, 2011 WL 5429404, at *4 (W.D. Okla. Nov. 9, 2011).  "The object of an action of replevin is to recover specific personal property . . . ."  66 Am. Jur. 2d Replevin § 2; *see also Brook v. James A. Cullimore & Co.*, 1967 OK 251, ¶ 4, 436 P.2d 32, 34 ("The primary object of statutory replevin is the recovery of specific personal property . . . .").

4

"The rule in Oklahoma has always been . . . [that the] burden is on plaintiff to prove the property is in possession of defendant or under his control at the time suit is commenced." *Davis v. Meyers*, 1981 OK CIV APP 45, ¶ 6, 632 P.2d 447, 448 (internal quotation omitted). "An exception is made where plaintiff proves the property was sold, disposed of or removed with the intent of avoiding the writ." *Id.* (internal quotations and alterations omitted).

In an action for replevin, a plaintiff "bears the burden to prove that: (1) he is the owner of the property in question or has a special interest therein; (2) he is entitled to immediate possession of the same; (3) the property is in the possession or control of defendant; and (4) defendant has wrongfully detained the same from plaintiff." *FlightSafety Int'l, Inc. v. Crownover Enters., LLC*, No. 13-CV-555-TCK-TLW, 2014 WL 6387356, at *2 (N.D. Okla. Nov. 14, 2014) (citing *Henderson v. Lacy*, 1959 OK 252, ¶ 3, 347 P.2d 1020, 1021 (per curiam)).

### B.     The Agreement

Here, to prove she has a special ownership interest in the truck and is entitled to its immediate possession, Zilahy-Welsh maintains she and Denton entered into an oral agreement whereby, in exchange for her purchasing the truck for Denton's use, he would either repay her or, if unable, return the truck. (ECF No. 44 at 4–5.) As he did not repay her, Zilahy-Welsh argues she is entitled to possession of the vehicle. (*Id.* at 6.)

#### 1.     Contracts—Generally

To form a contract,[6] there must be (1) parties capable of contracting, (2) their consent, (3) a lawful object, and (4) sufficient consideration. Okla. Stat. tit. 15, § 2.

---

[6] A contract may be oral, unless required by statute to be in writing. Okla. Stat. tit. 15, § 134.

Consent must be free, mutual, and communicated by each party to the other. *Id.* § 51. "Consent is not mutual unless the parties all agree upon the same thing in the same sense." *Id.* § 66. This requires "a meeting of the minds . . . on all material parts of the agreement . . . ." *Watkins v. Grady Cnty. Soil & Water Conservation Dist.*, 1968 OK 24, ¶ 14, 438 P.2d 491, 494. That said, a "voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known to the person accepting." Okla. Stat. tit. 15, § 75.

A contract must also generally "have definitely ascertainable dates of commencement and termination . . . ." 17A Am. Jur. 2d Contracts § 189. However, a "promise to perform in a reasonable time is sufficiently definite." *Id.* § 190. "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed." Okla. Stat. tit. 15, § 173 (further, if "the act is in its nature capable of being done instantly, as for example, . . . the payment of money . . ., it must be performed immediately upon the thing to be done being exactly ascertained").

### 2. Zilahy-Welsh's Right to Possess the Truck

Pursuant to the undisputed facts, Zilahy-Welsh has shown that she and Denton were capable of contracting and consented to the material terms of the agreement surrounding the purchase and use of the subject vehicle. While the parties dispute when Denton was to pay back Zilahy-Welsh for this purchase—whether within roughly two weeks or "as quickly as possible"—the Court finds this difference immaterial, and finds that it does not defeat the meeting of the minds. Further, Zilahy-Welsh's purchase of the truck for Denton, in exchange for a promise to repay or return the truck, constitutes sufficient consideration. *See Hargrave v. Canadian Valley Elec. Coop., Inc.*, 1990 OK 43, ¶ 17, 792 P.2d 50, 56 ("As a general rule, consideration exists as long as there is a benefit

to the promisee or a detriment to the promisor."). As such, Zilahy-Welsh and Denton formed a contract conveying a special ownership interest in the truck to Zilahy-Welsh in the event Denton did not repay her. It is undisputed that Denton has failed to repay Zilahy-Welsh at all, much less within the time period contemplated by the parties. It is undisputed, therefore, that Zilahy-Welsh is entitled to return of the truck and that Denton has no remaining ownership interest in the vehicle.

Likewise, Zilahy-Welsh has also shown, through undisputed evidence, the remaining factors necessary to prove her replevin claim. She has demonstrated that (1) she is entitled to immediate possession of the truck since Denton has not repaid her within the time allowed by the contract; (2) the truck is in Denton's possession; and (3) Denton has wrongfully detained the truck. No reasonable trier of fact could find otherwise.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's *Motion for Summary Judgment* (ECF No. 44) is GRANTED. Plaintiff Catherine G. Zilahy-Welsh is entitled to possession of the subject truck, VIN# 1FT8W4DM1REC65077.

IT IS FURTHER ORDERED that, within 30 days of this order, Defendant Jeffry Todd Denton shall deliver the subject truck to Zilahy-Welsh and shall cause all actions to be taken, including a transfer of title to Zilahy-Welsh, which will allow her to enjoy unencumbered possession, use, and ownership of the truck.

ORDERED this 28th day of April, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT